### FT. PITT GAS CO. v. EVANSVILLE CONTRACT CO.

(Circuit Court of Appeals, Third Circuit. June 5, 1903.)

1. DAMAGES—TORTIOUS DESTRUCTION OF PROPERTY.
   The measure of damages for the negligent destruction of a boat is its value, and the owner is not entitled, in addition, to recover the value of its use during such time as would be required to rebuild it.

2. EVIDENCE—OPINIONS—COMPETENCY.
   The opinion of a witness is not competent evidence on a matter which could be understood without peculiar knowledge or exceptional experience.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

W. B. Rodgers, for plaintiff in error.
Wm. M. Hall, Jr., for defendant in error.

Before ACHESON and DALLAS, Circuit Judges, and KIRKPATRICK, District Judge.

DALLAS, Circuit Judge. This writ of error has brought up the record in an action by the defendant in error against the plaintiff in error to recover for the destruction of a dredge of the former by an explosion of natural gas, alleged to have been caused by the negligence of the defendant below in the construction and maintenance of its pipe line in and under the bed of the Ohio river, at or near Legionville, in the state of Pennsylvania.

The plaintiff in error avers, inter alia, that:

"The court below erred in charging the jury as follows: 'In addition to the value of the boat, the plaintiff, if entitled to recover, is entitled to re-cover the value of that boat during the time it lost the use of it. It will be for you to determine what time that was; in what time it could have rebuilt her; what time would have elapsed before it could have replaced that boat. During that time it would be entitled to a just rental for her value. I will not enter into a detail of the testimony as to what that rental value is, as the estimates range over a considerable difference in value. In determining that rental value, you have a right to consider the ability of this boat to do the work for which she was intended, the long reach of the boat, her capacity for moving dirt cheaply, and all those elements can fairly be considered in determining what the value of the boat is.' "

By this part of the charge the jury was, in effect, instructed that, if the plaintiff was entitled to recover at all, it was entitled, not only to the value of the dredge at the time of her destruction, but, in addition thereto, to her rental value after she had been destroyed. This instruction was erroneous, because the rule it prescribed for ascertainment of the amount of the recoverable damages involved the award of two-fold compensation for the same loss. The right to use the dredge was incident to its ownership, and therefore compensation for its destruction, which of course extinguished the ownership, would necessarily be compensative of the consequent deprivation of its use. Upon this ground alone a reversal of the judgment of the Circuit Court would be necessary; but, as a new trial is to be awarded, it is, we think, desirable that our views upon some other points which have been argued by counsel should be briefly stated.

The objection interposed to the admission of the testimony of Archibald Hollerback, as to the depth and extent of the covering of the pipe, was that the condition of the pipe three or four days after the accident, or at any place other than that of the accident, was "immaterial"; and the precise question upon this objection was as to whether the facts sought to be proved were too remote, either in time or place, to furnish a legitimate basis for any inference which the jury might find to be deducible therefrom as to the condition of the pipe at the time and place at which the accident actually occurred. We do not perceive that the learned trial judge mistakenly exercised his discretion upon this subject; but, as it may again be presented for consideration, it has seemed to be proper that our opinion respecting the rule to which it is related should be indicated.

We concur in the ruling of the court below that the pipe was a lawful structure, but that the gas company was bound to exercise such care, both in laying and maintaining it across the river, as men of ordinary prudence would exercise to avoid its causing damage to those engaged in navigation. Whether the defendant had fulfilled this obligation was a question for the jury; but the testimony of Hollerback, to the effect that there would have been danger of a steamboat striking the pipe, if coming ashore, was not relevant. Apart from the fact that it referred to a steamboat, and not to a dredge, it was evidence, not of facts, but of opinion, and of opinion touching a point which, without peculiar knowledge or exceptional experience, could readily be understood and properly dealt with.

We regard the question of contributory negligence as a serious one in this case. The immediate cause of the accident was the driving of

the dredge's "spud" into the pipe; and if the jury had found that, under all the circumstances disclosed by the evidence, the plaintiff, in doing this, was itself negligent, no recovery would have been legally possible. From the charge of the court it appears that this was not overlooked by the learned judge, and we refer to the matter only for the purpose of indicating our conception of its special importance. The question of negligence, both as to the plaintiff and as to the defendant, was rightly submitted; but, in our judgment, the jury might, with entire propriety, have been told, in this connection, that a primary, and possibly controlling, subject for consideration was the conduct of the plaintiff in its use of the spud for propulsion of the dredge.

The judgment of the Circuit Court is reversed, and a new trial is directed.