NICOLA BROS. CO. v. SPEER BOX & LUMBER CO.

(Circuit Court of Appeals, Third Circuit.   January 5, 1905.)

No. 62.

1. SALES—BREACH OF CONTRACT—DAMAGES—EVIDENCE—RELEVANCY.
    In an action for breach of a contract for the sale and delivery of lum-
ber, to have been delivered on March 21, 1903, it was not an abuse of the
trial court's discretion to permit evidence of the value of such lumber at
the place of delivery on March 7, 1903, and in the May following, as too
remote in point of time; the court having properly instructed the jury
that defendant was liable only for the difference between the contract
price and the market value of the lumber not delivered on the day and at
the place specified for delivery.

In Error to the Circuit Court of the United States for the Western
District of Pennsylvania.

Watson B. Adair, for plaintiff in error.

R. B. Ivory, for defendant in error.

Before DALLAS and GRAY, Circuit Judges.

DALLAS, Circuit Judge.   The defendant in error was plaintiff in
the court below, and the plaintiff in error was defendant.   The action
was brought to recover damages for the breach of a contract for the
delivery of cottonwood lumber during the winter of 1902–03; that is to
say, as was agreed upon the trial, on or before March 21, 1903.   The
only specifications insisted upon go to the admission, against objection,
of certain evidence upon the subject of damages.

"The whole case for the plaintiff in error" is stated in his brief to be
that, inasmuch as the inquiry was "as to the value of the lumber on the
21st of March, 1903, * * * proof as to what the value was in
the month of May, 1903, and, still further, what it was on the 7th of
March, 1903, introduced irrelevant and incompetent evidence."   This
position is untenable.   It is true, of course, that no fact is relevant which
does not tend either to prove or to disprove the matter in issue, and it
is likewise true that the evidence with which we are now concerned was
directed to the ascertainment of the value of cottonwood lumber, in
the vicinity of Pittsburg, on the 21st of March, 1903.   But it does not
follow that the testimony should have been strictly confined to that day,
and the question before us is whether the learned judge, in admitting
the evidence of value as of two weeks before and about two months after
March 21, 1903, committed reversible error.   It would be difficult to
supply any precise test for determining, in all cases, whether any fact
proposed to be proved is or is not too remote to be material, and we be-
lieve that no attempt to do so has ever been made.   The circumstances
of each case are necessarily controlling, and the action of the trial judge
will not be disturbed by an appellate court, unless an abuse of discre-
tion quite clearly appears.   If the evidence be so remote as to be wholly
immaterial, it is, no doubt, his duty to reject it; but, if it be sufficiently
near to have a tendency to lead a reasonable man to a belief respecting
the matter in dispute, it ought not to be excluded, but should be submit-
ted to the jury, which, in determining the weight to be given to it, may

and should take into consideration its separation in point of time from the subject under investigation. Fort Pitt Gas Co. v. Evansville Contract Co., 123 Fed. 64, 59 C. C. A. 251. The learned judge did not fail to make this plain to the jury in the present case, for in his charge he said:

"It is the general rule of law that in the sale of goods and chattels, whether the subject-matter of the sale is wheat, or lumber, or cattle, or whatever it may be, where a contract is broken by a failure of the vendor or seller to deliver, the measure of damage is the difference between the contract price and the market value of the articles at the time and place of delivery under the contract. * * * No special circumstance has been disclosed here that takes this case out of the general rule of damages established by the courts everywhere, and which I have laid down to you—the difference between the contract price and the market value at the time and place when and where this lumber was to be delivered. * * * They could have delivered it on the 21st of March, and they were not bound to deliver it before; * * * and in so far as there was a failure to deliver the lumber due under this contract the plaintiff is entitled to recover for the undelivered lumber the difference between the contract price and the market value at McKees Rocks, or in Pittsburg, which is the same thing, on that date. And what that was is to be determined by you from a consideration of all the evidence in this case. What was, under the evidence, the fair market value of cottonwood lumber of the kind described in this contract at McKees Rocks, or in Pittsburg, on or about—we will say on—the last day when this lumber was to be delivered? And that you ought to determine from a calm and fair consideration of all the evidence in the case. The object of the law is, so far as it is humanly possible, to compensate a person who justly complains of the breach of a contract. It is not intended to punish the man who is in default. That is not the purpose of the law; but it is to compensate the party to the contract, who has been disappointed, who has lost the article for which he contracted. And, in determining that question, I repeat that the jury ought to give a fair consideration to all the testimony in the case bearing upon that point, and to be governed by the preponderance of the evidence, the weight of the testimony."

These instructions not only accurately stated the applicable rule of law, but distinctly impressed upon the jury that it should consider all the testimony with reference to the latest day upon which the defendant might have made delivery under the contract. More than this could not properly have been done. Cottonwood lumber was not always in the Pittsburg market, and the restriction of the evidence of its value to any narrowly limited period would probably have defeated what the learned judge rightly regarded as the fundamental object of the law— "to compensate persons who justly complain of the breach of a contract." His discretion, we think, was correctly, as well as rightfully, exercised; for, in our opinion, the evidence which it has been supposed he should have excluded was neither wholly irrelevant, nor so remote as practically to be immaterial.

The judgment is affirmed.