Kerr et ux. *v.* Hofer, Admr., Appellant.

Argued May 11, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*George H. Detweiler,* with him *John E. Cupp,* for appellant.

*John C. Youngman,* with him *Malcolm Muir,* for appellees.

OPINION BY MR. JUSTICE LINN, May 24, 1943:

Defendant, administrator of Kriner, appeals from judgment on a verdict in favor of Anna M. Kerr in an action of trespass brought by her and her husband to recover for property damage and injuries resulting from the negligence of defendant's intestate.

The case has been tried three times. In the first trial, verdicts were rendered for the plaintiffs; in the second, the verdict was for the defendant; in the third, now before us, the verdicts were in favor of Frank L. Kerr in the sum of $1,937.85, and in favor of his wife, Anna M. Kerr, in the sum of $5,000. Although there are two judgments, only one appeal was taken. After the death of defendant's counsel, who had thus far conducted the proceedings, counsel, who presented the case in this court, was retained. He recognized that the two judgments could not be reviewed on a single appeal and elected that the appeal should be considered as an appeal from the judgment in favor of Mrs. Kerr.

As the verdicts were for the plaintiffs, we shall state facts as the jury may have found them from the evidence. The accident happened about 6.30 P.M., January 20, 1934, when a Reo coupe driven by the plaintiff, Frank L. Kerr, accompanied by his wife, a guest passenger, was moving southward on the west side of William Street in Williamsport, Pennsylvania. This street is about 35 feet wide and extends north and south and is used for both northbound and southbound traffic. Along the western curb and parallel with it was a line of parked automobiles, excepting that the truck of Raymond S. Kriner was parked diagonally, generally facing southwest, so that the left rear corner of the floor of the truck extended into the traveled portion of the street beyond the line of parked automobiles. Cars were parked on both sides of the street. This truck had no box-body and is referred to in the evidence as the "stake body" type, though the stakes at the rear were not in place. The floor of the truck was 79 inches wide, was about 2½ inches thick, and extended rearward from the wheels about three feet. There were no lights on the truck. The effect of street lights was partly obscured by a large tree rendering it "sufficiently dark in that spot" to require a light on the truck; a witness said "it was very dark"; another that "it seemed to me like a pretty dark place."

The truck was parked in violation of a city ordinance which required parking parallel to and within 6 inches of the curb, with its right wheels ". . . as near as practicable to, and not more than six inches from the curb . . ." The left rear corner of the floor of the truck projected into the space through which southbound traffic would be expected to move.

In those circumstances, Mr. Kerr drove southward at about 20 miles per hour by a course 2½ to 3 feet from the line of parked cars and while doing so "the windshield" and the "upright that supports the windshield and the door" of his car came in contact with the projecting left rear corner of the floor of the truck, damaging plaintiff's car, slightly injuring him and very seriously injuring his wife.

It is obvious from what has been said that binding instructions or judgment for defendant n. o. v. would have been wrong. Appellant complains of the charge on contributory negligence. Mrs. Kerr was not driving the car; the verdict for Mr. Kerr establishes that he drove with due care. We can find no evidence that would have supported a finding that Mrs. Kerr was guilty of contributory negligence. She was not required to prove that she was not negligent. Defendant had the burden of proving it, and if, during the presentation of plaintiff's case, the facts showed contributory negligence, the defendant could have relied on those facts. The defendant put in no evidence on the subject. The uncontradicted fact that Mr. Kerr drove at 20 miles an hour shows that any view Mrs. Kerr might be expected to have had of the projecting corner of the floor of the truck must, at best, have been so momentary as to justify the court, in the light of the other circumstances referred to, in charging the jury that there was no evidence of her contributory negligence.[1]

---

[1] The assignment of error is to the following: ". . . if the jury should find that Frank Kerr was negligent in the operation of the car

Appellant complains that the learned trial judge charged that if the jury found Mrs. Kerr suffered from disfigurement or deformity resulting from the accident ". . . to such an extent that it would affect her personal appearance and cause her humiliation or embarrassment or shame, you would have a right to take that into consideration and award damages for that." In support of the argument, appellant contends that the averments of the statement of claim gave no notice of a claim for disfigurement and "that no attempt was made . . . to prove" it. The statement of claim averred that Mrs. Kerr's ". . . right forearm was fractured in three places, which fractures have not united and the said right forearm is permanently stiff and smaller in size . . ." The evidence on the subject was received without objection. Dr. Delaney testified that there ". . . was a shortening, permanent shortening of three-eighths of an inch in the ulna," and that there was "union, with deformity, of the ulna, and no union of the radius;" that ". . . the deformed union of the ulna is a permanent condition." Dr. Wurster testified, "that ulna has a deformed healing"; that the radius is "not healed" and that the condition is permanent. Dr. Hardt testified ". . . there was a great deal of deformity;" that the conditions are permanent and that ". . . she has a loss of from forty to fifty percent" in the general use of the arm.

---

and that such negligence contributed to the accident, nevertheless such negligence could not be imputed or charged to Anna M. Kerr as there is no testimony whatever before us to show whether she could see the edge of the rear of this truck in time to warn her husband or not. Therefore, as to the wife, Anna M. Kerr, we instruct you that if you find that the truck of the decedent, Kriner, was parked at an angle to the curb and at a distance of more than six inches from curb and that the left rear corner of the floor extended out into the western or south bound lane of traffic in a negligent manner and that by reason of being so parked it was the proximate cause of the accident in which Anna M. Kerr was injured, then she would be entitled to a verdict at your hands for injuries sustained by her regardless of whether or not her husband was guilty of contributory negligence in the operation of his car."

At the conclusion of the general charge the court asked whether counsel had ". . . any further requests to make of the Court." After consultation at side bar, in which no complaint was made of this instruction, the charge was amplified on other points suggested. The jury saw Mrs. Kerr who was called and sworn. Before she was examined, defendant objected to receiving her evidence on the ground that Kriner the owner of the truck had died. The court sustained the objection: [2] Act of May 23, 1887, P. L. 158, section 5 (e), 28 PS section 322. The jurors, however, had opportunity to see her and to consider the evidence of the other witnesses in the light of what they saw. No objection was made to receiving the evidence of the other witnesses or to the instruction on the subject; in the circumstances, therefore, we think the complaint must be rejected.[3]

Appellant's next proposition is that the learned trial judge erred in forbidding cross-examination of a witness, Cowher, as to ". . . his character and credibility, in the circumstances under which he came into this case." After the first trial, Cowher telephoned to plaintiffs' attorneys stating that he was an eye-witness to the accident. A new trial had been granted to afford opportunity to call this witness. When he was called to testify, counsel for plaintiffs informed the court at side bar that the witness had been convicted of assault and battery and that he had once been "arrested . . . for either fraudulent conversion or embezzlement of money, but was not tried or convicted, . . ."; he asked the court to caution defendant's counsel not to cross-examine concerning either charge. The court did so on the ground

---

[2] See *Lockard* v. *Vare*, 230 Pa. 591, 79 A. 802, and cases following it.

[3] Compare *Tropical Paint and Oil Co.* v. *Sharon Building Co.*, 313 Pa. 51, 52, 169 A. 105; *Marcus* v. *White Star Lines*, 316 Pa. 380, 382, 175 A. 490.

"that [assault and battery] does not come within the classification of cases known as crimen falsi which permit questions to be asked about prior convictions." Counsel agrees that the general rule[4] was correctly stated but contends that because the witness did not immediately after the accident report his knowledge of it and because he had been convicted and charged as stated, and "had 14 jobs in 11 years," the cross-examination should have been allowed. We think the case is within the rule applied by the learned judge. As the appellees point out, the description of the truck and the parking of the cars along the west side of the street and the skid marks immediately noted, as detailed by two other witnesses, corroborates Cowher's testimony.

The third proposition, that there was error in restricting the cross-examination of the witness, Gingrich, does not require discussion; there was no exception and in any event no abuse of discretion.

Appeal No. 121, between the same parties, brings up a point raised after judgment had been entered. Defendant obtained a rule to show cause why a new trial should not be granted to allow the introduction of after-discovered evidence, the proposed evidence consisting of a transaction by which Mr. and Mrs. Kerr on November 10, 1934, for the sum of $1,650., paid by the Travelers Insurance Company, insurer of Ohio Salt Company, agreed not to sue the Ohio Salt Company for damages arising out of the accident. In argument on the rule it was shown that Mr. Kerr at the time of the accident was employed by but not engaged on the business of Ohio Salt Company; that under the policy written by Travelers Insurance Company, the Salt Company contributed 25% of the cost of Mr. Kerr's automobile in-insurance premium. After the accident Mr. Kerr became

---

[4] *Weiss* v. *London Guarantee & Accident Co.*, 285 Pa. 251, 132 A. 120; *Com.* v. *Jones*, 334 Pa. 321, 323, 5 A. 2d 804.

disturbed because small settlements had been made by the Travelers Insurance Company on claims for damage to other automobiles parked along the street. He complained to his employer that such settlements might prejudice his case against the defendant. The Ohio Salt Company then induced the Travelers Insurance Company to pay Mr. and Mrs. Kerr $1,650.00, taking the covenant not to sue, executed in Ohio. The learned court below found that defendant's counsel had been informed of the transaction after the second trial of the case and before the third trial and that defendant had therefore not made out a case for a new trial within the after-discovered evidence rule.[5] Appellant also complains that two of defendant's counsel were permitted to testify that the witness Gingrich, who had formerly been employed by the Travelers Insurance Company, informed them of the transaction; coming from that source, the communication was not privileged; the information was not received from the client: *Kramer* v. *Kister*, 187 Pa. 227, 232, 40 A. 1008; *Sargent* v. *Johns*, 206 Pa. 386, 393, 55 A. 1051. The learned court also stated that the instrument was not available as a defense because the verdict for Mr. Kerr established that he and the truck owner were not joint tort-feasors.[6] In the circumstances, then, there was no abuse of discretion in refusing a new trial on the ground alleged.

Judgment affirmed.

---

[5] See *Weissbach* v. *Price*, 328 Pa. 46, 48, 195 A. 21.

[6] Compare *Thomas* v. *R. R. Co.*, 194 Pa. 511, 515, 45 A. 344; *Mason* v. *Lavine*, 302 Pa. 472, 479, 153 A. 754.