## HAST v. UNITED STATES.
### Civ. No. 7071.

United States District Court
W. D. Pennsylvania.

March 29, 1951.

Harbaugh Miller, Pittsburgh, Pa., for plaintiff.

George Hardy Rowley, Asst. U. S. Atty., Greenville, Pa., for defendant.

GOURLEY, District Judge.

This is a claim for money damages which arise out of an automobile accident. The proceeding is brought by Harold H. Hast against the United States of America pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq.

The case was tried without a jury and the following Opinion, Findings of Fact, Conclusions of Law, and Order are entered by the Court.

### Opinion.

On August 21, 1947, at about 8:30 a. m., plaintiff was driving in a northerly direc-

tion on Pennsylvania Highway Route No. 88 near the Pittsburgh and West Virginia Railroad underpass at Castle Shannon, Pennsylvania. The road was a two-lane highway, approximately thirty feet wide. It was raining and the road was wet and slippery.

At the same time and place a United States Army ambulance was being operated in the opposite or in a southerly direction. At a distance of thirty to fifty feet from plaintiff's automobile, the ambulance went into a skid, the rear of the ambulance swinging to the right and skidding across the road and at the point of collision was cross-wise in the opposite lane of traffic.

It is settled in Pennsylvania that the skidding of a vehicle does not of itself establish or constitute negligence, and that it is incumbent upon the plaintiff to prove the skidding resulted from a negligent act of defendant. Johnson v. American Reduction Co., 1931, 305 Pa. 537, 158 A. 153; Master v. Goldstein's Fruit & Produce, Inc., 1942, 344 Pa. 1, 23 A.2d 443; Lithgow v. Lithgow, 1939, 334 Pa. 262, 5 A.2d 573.

The failure of the driver of a motor vehicle to keep to the right side of the highway is excused where, without fault on his part, the vehicle skids across the center line of the road. However, where the skidding results from negligence, the driver is responsible. Miles v. Myers, 1946, 353 Pa. 316, 45 A.2d 50; Davin v. Levin, 1947, 357 Pa. 554, 55 A.2d 364; Rosenal v. United States, D.C., 94 F.Supp. 1004.

The circumstances in the case are such as to require the government to produce evidence to exculpate itself from the inference of negligence on the part of the driver of the ambulance. This burden has not been met.

The driver of the army ambulance was negligent in not having proper control over said vehicle. Such negligence was the proximate cause of the accident and resulting injuries and damages sustained by the plaintiff. Rosenal v. United States, supra.

## Findings of Fact.

1. The plaintiff filed this action against the United States of America pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq.

2. On August 21, 1947, at approximately 8:30 a. m., a 1939 Mercury Sedan, owned and operated by the plaintiff, came into collision with a United States Army ambulance on Pennsylvania State Highway Route No. 88 near Castle Shannon, Pennsylvania.

3. The road was a two-lane highway, approximately 30 feet wide and, at the point where the accident occurred, had a black-top or macadam surface.

4. It had rained continuously that morning and at the time of the accident the surface of the road was wet and slippery.

5. The ambulance, a low-geared vehicle of the field type, was being operated by a non-commissioned officer of the United States Army and was engaged in transporting army personnel and two civilian female employees of the army to the military installation of South Park.

6. The ambulance was proceeding in a southerly direction on Route No. 88. It came to a full stop at an automatic traffic signal light and then proceeded up a steep grade, the driver shifting through the normal range of gears.

7. At a point approximately 300 feet south of the traffic light, as the ambulance was completing a curve to the east, which was also banked so as to slope down toward the east, it skidded in a counter-clockwise direction, and came to rest at right angles to the highway and partly in the east lane of the highway so as to present its right side to northbound traffic.

8. The ambulance had not skidded at any other time during that morning.

9. Immediately before the ambulance began its skid, it was traveling upgrade, and the driver had just shifted into high gear.

10. When the ambulance began to skid, the plaintiff in his automobile was approximately 30 to 50 feet away traveling downgrade and in a northerly direction.

11. After the ambulance came to rest across the highway, it was struck on the right side by the plaintiff's automobile.

12. The impact caused the rear of the ambulance to swing to the east and the right side of the ambulance and the left side of the plaintiff's automobile came together.

13. The ambulance came to rest headed in a northerly direction on the east side of the road and the plaintiff's automobile came to rest, also headed in a northerly direction, with its right wheels just off the traveled portion of the highway.

14. The distance of the ambulance's skid was approximately 30 feet and about 2 seconds elapsed from the start of the skid until the collision.

15. The damage to the ambulance was slight and it proceeded to South Park after the accident.

16. Plaintiff's automobile was badly damaged, particularly the grill and front fender, the hood, radiator, headlights, axle, front spring, side shields, windshield, left door glass, one tire and wheel, as well as the dashboard, steering mechanism, left doors and roof. It was damaged beyond repair.

17. Plaintiff was cut about the face and was taken to the South Side Hospital in Pittsburgh where he received surgical treatment and was confined for five days.

18. After leaving the hospital he was confined to his home for approximately two weeks.

19. Plaintiff has permanent scars on his left cheek and left upper eyelid, with a noticeable bulging of the tissue, which scars are of a permanent nature. Plaintiff also experiences a degree of numbness in the feeling of the left side of his face and head.

20. Plaintiff incurred the following expenses as a result of the accident:

| | | |
|---|---|---|
| Doctor bill | 75.00 | |
| Damage to clothing | 30.00 | |
| Hospitalization exp. | 133.00 | $238.00 |

21. The estimated cost of repairing the damage to the automobile was $800. The automobile was not repaired but was sold for $135 shortly after the accident. The fair market value of the automobile immediately prior to the accident was approximately $320.

22. The maximum damages which the plaintiff can receive for the motor vehicle is the difference in value before and after the accident, which is $185.

### Conclusions of Law.

1. Jurisdiction is vested in this Court by virtue of the Federal Tort Claims Act, 28 U.S.C.A. § 1346.

2. An inference of negligence arises by reason of the army ambulance being on its own left hand side of the highway.

3. The driver of the army ambulance was negligent, under all of the circumstances, in attempting to shift gears upon a wet surface from first, through second and third into the vehicle's highest speed gear.

4. The operator of the army ambulance was negligent in operating the armored car without having it under proper control.

5. The negligence of the operator of the army ambulance was the proximate cause of the accident and resulting injuries and damages sustained by the plaintiff.

6. The plaintiff was not guilty of contributory negligence.

7. The plaintiff is entitled to recover special damages in the amount of $423.

8. The plaintiff is entitled to recover for personal injuries sustained, which includes pain, suffering and inconvenience, past, present and future, and for mental suffering, past, present and future, which is a natural and necessary result of the disfigurement to the plaintiff's face, in the amount of $2,500. Studebaker et ux. v. Pittsburgh Railways Company, 260 Pa. 79, 103 A. 532, L.R.A. 1918D, 886; Kerr et

ux. v. Hofer, Adm'r, 347 Pa. 356, 32 A.2d 402.

9. The total damages which the plaintiff is entitled to recover against the United States of America is $2,923.

An appropriate Order is entered.