## Flint v. Fosnaught

*R. Eric Simons*, for plaintiff.

*Rowley & Smith*, for defendant.

McCREARY, P. J., October 19, 1955.—This case is before the court on defendant's petition for a rule on plaintiff to show cause why the case should not be removed from the trial list and placed instead on the arbitration list.

Plaintiff filed a complaint in trespass in which was claimed damages for the destruction of his truck. In

the complaint plaintiff alleged that the fair market value of his truck, prior to the accident, was $450 and that the truck was damaged beyond repair. He also claimed the right to recover $20 by way of a towing charge and $15 by way of loss of one day's work. Plaintiff's only other claim of damage is for loss of use, or rental value, of his truck. This part of the claim is in excess of $514 and raises the total damage claimed above the $1,000 mark.

The question we have to decide is whether or not plaintiff, whose motor vehicle has been damaged beyond repair, due to the alleged negligence of defendant, is entitled to recover, in addition to the value of his motor vehicle, damages for loss of use. Stating the question in another manner, the thing to be decided by the court is whether or not a plaintiff can avoid submitting his case to arbitrators in the first instance, rather than to a trial before a jury, by pleading an item of damage which is not allowable, thereby putting the damage claimed beyond the $1,000 limit for arbitration.

The law is well settled that a plaintiff is not entitled to both the value of a motor vehicle which has been totally destroyed and loss of use. A plaintiff is entitled to damages for loss of use during the time that it takes to repair his vehicle: Holt v. Pariser et al., 161 Pa. Superior Ct. 315. But where the vehicle has been totally destroyed or is incapable of being repaired, the correct measure of damages is the value of the vehicle prior to the accident, less any salvage value following the accident.

In the case of Hast v. United States, 96 F. Supp. 207, the fourth headnote reads as follows:

"Where automobile was damaged so severely that cost of repairing exceeded value, the maximum damages which plaintiff could recover would be measured

by difference in value of automobile before and after accident."

In the case of Terrebonne v. Toye Brothers Yellow Cab Co. et al., 64 S. 2d 868 (La. App.), it was held that where an automobile is obviously totally destroyed in an accident, the loss is determined by arriving at value of automobile before the accident, and no additional amount may be claimed in owner's action against tortfeasor for loss of use of automobile.

In section 928 of A. L. I. Restatement of the Law of Torts, the comment on clause (a) reads, inter alia, as follows:

"If it does not appear to a reasonable person economical to repair or replace the damaged part, the damages are the full value of the subject matter at the time of the tort, less the junk value of the remains."

One of the earliest cases on this question is Fort Pitt Gas Company v. Evansville Contract Company, 123 Fed. 63, 59 C. C. A. 281. That case was an action of trespass for destruction of a dredge. The trial court charged that plaintiff was entitled to recover the rental value of the dredge after destruction as well as its value at the time of the destruction. Defendant appealed from a judgment for plaintiff. The judgment was reversed and a new trial granted, the circuit court holding that the instruction of the trial court was error, and that error alone would require a reversal of the judgment. See, also, Hayes Freight Lines, Inc., v. Tarver, 148 Ohio 82, 73 N. E. 2d 192. One of the latest cases on this subject is Dixon v. Priester, 85 D. & C. 109. In that case, the court held that plaintiff, whose truck had been totally destroyed due to defendant's negligence, was not entitled to loss of use.

We are satisfied that the claim for loss of use is not an item of damage which could be recovered by plaintiff. It follows that the balance of his claim for property damage is considerably below $1,000, and accordingly

the issue must be tried before arbitrators rather than to be tried before a jury, in the first instance.

In the event that plaintiff is not satisfied with the decision of the arbitrators and cause is shown why the entire $75 by way of arbitrators' fees cannot be advanced by plaintiff in order to perfect an appeal, the court will consider the matter of allowing a lesser sum.

Accordingly, we make the following

*Order*

Now, October 19, 1955, the rule to show cause why the above entitled action should not be removed from the trial list and placed on the arbitration list of this court is made absolute; the case is stricken from the October trial list and ordered placed upon the arbitration list of this court.