Johnson, Appellant, *v.* American Reduction Co.

Argued October 8, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*A. M. Oliver,* with him *Mayer Sniderman,* for appellant.—The defendant was not entitled to judgment n. o. v.: Moyer v. Electric Co., 294 Pa. 265; Caldwell v. Trust Co., 291 Pa. 35; McCaughey v. Ice Co., 45 Pa. Superior Ct. 370; Ellison v. Refining Co., 62 Pa. Superior Ct. 370; Schoepp v. Gerety, 263 Pa. 538; McGettigan v. Auto. Co., 48 Pa. Superior Ct. 602.

*Raymond R. Goehring,* of *Patterson, Goehring, McClintock & Collin,* for appellee, cited: Zandras v. Moffett, 286 Pa. 477; Wilson v. Beef Co., 295 Pa. 168.

OPINION BY MR. JUSTICE DREW, November 23, 1931:

After verdict for plaintiff the court below entered judgment non obstante veredicto, and plaintiff appealed.

The action is for damages for the death of plaintiff's husband, alleged to have been caused by defendant's negligence. The facts of the case are brief, and are as follows:

On March 6, 1929, at 7 A. M., the plaintiff's husband was on his way to work, accompanied by his son and a fellow workman, Thalheimer. They were riding in an automobile driven by the son, and were traveling eastwardly on the Bigelow Boulevard, Pittsburgh, when the left rear end of defendant's wagon, a horse-drawn vehicle, collided with their car. The wagon had first been seen about a half mile ahead, going in the same direction. This boulevard is forty feet wide between curbs, and the wagon occupied the center of the eastbound cartway, about seven feet from the right curb and a like

distance from the center of the boulevard. Other automobiles had approached the wagon while it was in that position and had passed on its left without difficulty. The automobile in which plaintiff's decedent was traveling gradually approached the wagon at a speed of from twenty-five to thirty miles an hour, and when about twenty-five feet from the rear of the wagon, decedent's son sounded his horn, and the driver of the wagon started to turn his horses toward the curb, and at that moment the horse on the right side slipped on the ice on the boulevard, the rear wheels of the wagon skidded to the left, and the wagon struck and upset the automobile. Plaintiff's husband was killed. The icy surface of the boulevard at that place consisted of a patch of ice extending out about twelve feet from the right curb and lengthwise of the boulevard about twenty-five feet. Plaintiff's testimony is that that was the only icy surface on the boulevard.

Plaintiff claims that defendant was negligent in that his servant drove the wagon out in the cartway, away from the curb, in violation of the statutory duty to keep close to the right curb; in failing to give a "proper signal or notice as to his course"; and in "jerking his horses toward the curb."

There is no merit in any of these contentions. It is not negligence per se to ignore a statutory duty in driving a vehicle, and it was not the proximate cause of this accident. It was wholly unnecessary that the driver of the wagon, by outstretched arm or otherwise, should notify the driver of the automobile that he was about to turn to his right. The driver of the automobile had signalled him by blowing his horn, which was notice to the driver of the wagon that the automobile was about to pass him on his left, the only proper place for it to pass, and the driver of the wagon did the usual and customary thing—drew to his right to give the automobile a full opportunity to pass. In addition, the Act of May 11, 1927, P. L. 886, section 1013, imposes a statutory

duty upon a driver to turn to his right when he receives a warning from a vehicle approaching from the rear. This is exactly what the driver of the wagon attempted to do.

The real element of negligence upon which plaintiff relies is that the driver "jerked his horses toward the curb," thereby causing them to slip, as a result of which the wagon skidded on the ice and came into collision with the automobile. If defendant's driver did jerk the horses and cause the wagon to skid, his act was the proximate cause of the accident, and if it constituted negligence under the circumstances, this verdict should not be disturbed.

The evidence, however, does not support this claim, even when considered in its most favorable light to plaintiff. The son testified that he "surmised" the horses jerked the wagon to the curb. Thalheimer stated he noticed when about five feet from the wagon that the driver pulled the horses to the right. He stated he was not able to see the horses before that. He said later that he could only see their feet. This wagon was the usual type for rubbish collection, and had a high steel body and sides overhanging the wheels. The driver of course was at the front of the wagon. It is difficult to understand how it was possible for plaintiff's son or Thalheimer to see the horses at all, or even their feet, from their position in the automobile in the rear of the wagon, at which time the wagon was between them and the horses. However, we will assume they did, but still there was nothing in their testimony, or in plaintiff's case, to show that the driver did jerk his horses to the right, or jerk them in any way. This allegation failed completely because of lack of proof.

We have, therefore, this situation: a wagon being driven on the boulevard in a place where it had a right to be; an automobile approaching from its rear, signalling its intention to pass, and the driver of the wagon turning his horses toward the right curb, to make way

for the automobile to pass, in its usual and customary place, on the left side of the wagon; the slipping of the horses on the only icy surface on the boulevard, and the skidding of the wagon against the automobile.

Plaintiff's case, considered in its most favorable light, shows no negligence on the part of the defendant. It merely shows the happening of an accident, under unusual and not to be anticipated circumstances. This is not sufficient to put on defendant the burden of accounting for the accident: Simpson v. Jones, 284 Pa. 596. The skidding of a vehicle does not of itself establish or constitute negligence. It is encumbent upon the plaintiff to prove the skidding resulted from the negligent act of the defendant; otherwise he is absolved from the consequences: Hatch v. Robinson, 99 Pa. Superior Ct. 141; Ferrell v. Solski, 278 Pa. 565.

After a careful examination of all the testimony and the authorities applicable we are convinced that the conclusion of the learned court below that there was no proof of negligence on the part of the defendant was correct.

Judgment affirmed.