## Urbanick et al. *v.* Croneweth Dairy Company, Appellant.

Argued October 11, 1943.   Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*James J. Burns, Jr.,* for appellant.

*H. F. Stambaugh,* for appellees.

OPINION BY STADTFELD, J.:

This case originated in an action of trespass by Emry J. Urbanick, Jr., a minor, through his father, Emry J. Urbanick, and by the latter and Mary Urbanick as parents in their own right to recover for injuries to the minor and for the consequential damages suffered by the parents arising out of an accident which occurred on December 9, 1935, on Lowrie Street, Pittsburgh, Pennsylvania.

The accident in question took place midway between De Haven and Lager Streets, on Lowrie Street, at a point where the minor plaintiff and his mother testified

that the word "School" in large letters, as well as yellow crossing lines, were painted on the street. At the time of the accident, the minor was living with his parents in an apartment house at 1545 Lowrie Street, and was attending the Troy Hill Public School, a six-year-old pupil in the first grade. Part of the school grounds fronted on the north side of Lowrie Street. From these school grounds on the day of the accident, the boy appeared about noon-time of a clear day after school had been dismissed for the lunch hour. From the school grounds the boy immediately crossed to the south side of Lager Street. He then walked eastward on Lager Street for about 150 feet at which point Lager Street was intersected by Lowrie Street, which ran in a general northerly and southerly direction. The child, walking alone, then turned south on Lowrie Street and proceeded approximately 100 feet to a point opposite his home, which was located on the east side of the street. He testified that he looked to his left and to his right, that he saw no cars approaching, and that he then walked across the street toward his home. He had crossed the single track street railway line in the center of the street and was "mostly to the curb" of his destination when he was hit "on the left side" and rendered unconscious. With defendant admitting the agency, the driver of the truck testified that his truck hit the child and that he took the child in an automobile to the office of a physician. No cars were parked on either side of the cartway. There were no eye-witnesses to the accident, and no testimony as to the direction of travel of the truck, and none as to which part of the truck struck the child.

The plaintiff, Mary Urbanick, mother of the boy, was in her apartment at the time of the accident and when notified of it, ran out and saw defendant's truck standing along the curb on its left hand side of the cartway between her house and a plumbing shop to the south

of her house with the truck headed toward Pittsburgh in a southerly, or more accurately, a south westerly direction. She testified that the left headlight of the truck was broken all to pieces and the glass was scattered around the pavement and on the street.

Defendant, at the close of the testimony, asked for binding instructions, which were refused. Verdicts in the sum of $2,500 in favor of the minor plaintiff and $1,500 in favor of the parent plaintiffs were reduced on motion for new trial to $750 in favor of the minor plaintiff and a similar sum in favor of the parents, by remittiturs filed. From the refusal of the court below to enter judgment n.o.v. in favor of the defendant, the latter appealed.

The sole question before the court is whether there were sufficient facts adduced before the court below, other than that of the mere happening of an accident, from which the jury could infer that the defendant had been guilty of negligence, thereby warranting the action of the court below in submitting the case to the jury for its consideration and in refusing defendant's motions for judgment n.o.v.

A careful reading of the record discloses that the scene of the accident lay within a well-defined school zone, with warning signs on the street and on poles to the north and south of the locus of collision. A statute in effect at the time restricted the speed limit of vehicles to 15 miles per hour within a school zone during school recess, or while children were going to or from school during opening or closing hours: Act of June 22, 1931, P. L. 751, Sec. 2, at page 791, as amended by the Act of July 16, 1935, P. L. 1056, Sec. 29, at page 1082.

The position of the truck after the accident, testified to by the mother and corroborated by testimony of the child, who saw the truck upon his return from the office of the physician, the testimony of the child that he was hit on the left side, the testimony of the attending phy-

sician and others that the main injuries were on the left portion of the child's body, taken together, were strong circumstantial evidence that the truck approached from the left of the child.

From the position of the truck as testified to, the facts leading to the inference as to its direction of travel, and the scattering of the pieces of the headlight lens in the left portion of the cartway and up on the pavement, the jury could reasonably infer that the appellant's driver was driving in the left lane of the cartway, which in itself is evidence of negligence: *Gaskill v. Melella*, 144 Pa. Superior Ct. 78, 81, 18 A. 2d 455; *Wilson v. Consolidated Dressed Beef Co.*, 295 Pa. 168, 173, 145 A. 81.

Even if the driver had not been proceeding on Lowrie Street, but had turned into Lowrie Street from Lager Street, he would have a clear view of more than 100 feet, for the day was clear and no parked cars obstructed his view. He must have seen the child if he had looked. If he failed to watch the cartway, he was clearly guilty of negligence. If he did see the child, but could not stop in time to prevent the collision, he was exceeding the statutory speed limit prescribed for school zones. To run down a child in an unobstructed street in broad daylight is evidence of negligence, unless the child suddenly darts out into the pathway of the vehicle: *Goldberg v. Phila. R. T. Co.*, 299 Pa. 79, 83, 149 A. 104.

It is the opinion of this court that under the evidence the truck could not have struck the child unless the appellant through its driver was negligent in not looking, or in driving the truck in the left lane of the cartway, or in not keeping the truck under control, or in not exercising special caution as is required in the vicinity of a school house, or in exceeding the statutory school zone speed limit. The plaintiffs showed more than the mere happening of an accident and the evi-

dence adduced, though mostly circumstantial as to the manner of occurrence of the accident, was sufficient to justify the submission of the case to the jury by the court below. Accordingly, the motions for judgment n.o.v. were properly refused and the assignments of error are overruled.

Judgment affirmed.

PER CURIAM, December 31, 1943:

The foregoing opinion was prepared by Judge STADT-FELD and was adopted by the court, but had not been filed at the time of his sudden death on December 12, 1943. It is now filed as the opinion of the court.