## Miles, Admr., Appellant, *v.* Myers.

Argued November 26, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*J. Perry Eckels,* with him *Charles B. Stegner,* for appellant.

*Gerald D. Prather,* with him *Kent & Kent,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, January 7, 1946:

This is an action in trespass arising from the collision of two automobiles on an icy road on November 11, 1941. The chief negligence alleged was that the defendant failed to operate her automobile on her right or East portion of the highway, but permitted the automobile to be operated on the left or West side of the highway and directly in front of on-coming traffic. As a result of the collision of the automobiles, Belle Breed Miles, an invited guest in the car operated by the defendant, was injured and as a result of which she died on September 23, 1943. After trial the court gave binding instructions for the defendant. This appeal followed.

It is the contention of the appellant that a prima facie case of negligence was made out and that the defendant's explanation as to the cause of the accident was for the jury. It was testified by the driver of the Dodge car which collided with the defendant's Nash car that the highway was icy and that the defendant's car when the witness first noticed it "was crossways of the road ahead of me quite close and the motor part of the car was over the berm of the road." Mrs. Myers' car had been travelling toward the witness's car. After the collision "the defendant's car swirled right around and the wheels were in the ditch" on the witness's side of the road. "The two cars were facing each other." The Nash car was operated by the defendant, Mrs. Myers. On cross-examination it was developed that the Nash car

just before the accident was travelling toward the North and was being driven on the East side of the road. The Dodge car was being driven South on the West side of the road. The Nash car was being driven about 25 miles per hour. "And of a sudden" the Nash car "was in front of the Dodge car quite close to it and on its side of the road." The defendant, Mrs. Myers, testified as to the "very icy" condition of the road. She said she slowed down between 15 and 20 miles per hour and when she "came to this one particular spot" her car "skidded to the left" and the other car struck her car on the right side and turned her car around. Her sister who was in her car was bruised and complained of injuries. The court below in granting binding instructions for the defendant took the view that the plaintiff had not made out a case that would warrant a finding of negligence on the part of the defendant.

In so holding the court erred. Section 1004 of Article X of the Act of May 1, 1929, P. L. 905, 75 P.S. section 521, as amended by Section 1 of the Act of June 9, 1939, P. L. 315, provides that the operator of an automobile "shall drive the same on the right half of the highway . . . unless it is impracticable to travel on such side of the highway, and except when overtaking and passing another vehicle . . ." It has been held that the fact that an automobile is on the wrong side of the highway makes out a prima facie case of negligence. See *Amey v. Erb,* 296 Pa. 561, 146 A. 141, and *Hankey Baking Co. v. Nat. Bread Co.,* 136 Pa. Sup. 23, 7 A. 2d 6. Huddy Automobile Law, Ninth Edition, Vol. 3-4, Section 109, makes this statement: "The failure of the driver of a motor vehicle to keep to the right side of the highway is excused where, without fault on his part, the machine skids across the center line of the road, but where skidding results from negligence, the driver is liable." (citing cases) Since in the instant case the defendant's car was *not* "on the right side of the highway" and as a result the complained of collision oc-

curred, the question whether or not the illegal location of her car at the time and place in question was due to her negligence was for the jury.

In the instant case the evidence shows that the tires on the defendant's car were not equipped with chains, although the highways were in an icy condition. Failure to equip the wheels of a car with chains is not negligence per se, but it is a fact which with other facts may support a finding of negligence. As the Superior Court said in *Fitzpatrick v. Pralon C. & D., et. al.,* 129 Pa. Superior Ct. 437, at 441, 195 A. 644: "The jury had a right to consider the nature and course of the skidding, the absence of chains, the condition of the pavement, the speed of the truck, the manner in which the truck was operated and the nature of the intersection. The question of the negligence of the driver of the truck was clearly for the jury under the circumstances detailed."

The judgment of the court below is reversed with a venire.