## Glover, Admr., *v.* Struble, Appellant.

Argued April 15, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Philip E. Hamilton,* for appellant.

*Frank E. Reed,* for appellee.

OPINION BY HIRT, J., July 19, 1946:

Defendant, driving his automobile southwardly on Third Avenue in the City of Beaver Falls, struck and killed a five-year-old child in the cartway between crossings. The child was struck shortly after noon on July 14, 1943, a bright clear day. In this action, judgments were entered on verdicts in favor of the father and for the administrator of the child's estate. This appeal goes to the refusal of judgments n. o. v. and raises the single question whether plaintiff has met the burden of proving that defendant was negligent. (Since the judgments will be affirmed it is unimportant that a single appeal was taken.)

Children were playing on the east sidewalk of Third Avenue south of Eighteenth Street. Plaintiff's son, alone, was in the paved cartway. A neighbor, from her front porch, observed the child just before it was struck. She testified that the child was then seated on a tricycle in the roadway 6 to 8 feet from the east curb. Defendant's car came to a stop 8 to 10 feet from the east side of the street and the child, after it was struck, was lying in the roadway 6 to 9 feet from the east curb. Three witnesses for plaintiff testified that they saw defendant driving south on the *east* side of the road. From the position of the child when struck, as well as from the direct testimony of those who observed the moving car, it is established that defendant was driving on his left side of the street, in violation of the Motor Vehicle Code of May 1, 1929, P. L. 905, §1004 as amended, 75 PS 521. The paved cartway was 40 feet wide; there was

no other traffic on the street and nothing which made it "impracticable" for him to keep wholly within his right side of the road. Driving on the wrong side of a two-way street, in itself, is evidence of negligence. *Miles, Administrator, v. Myers,* 353 Pa. 316, 45 A. 2d 50; *Urbanick v. Croneweth Dairy Co.,* 154 Pa. Superior Ct. 44, 35 A. 2d 83. If defendant had observed the mandate of the act and had kept within the lane for southbound traffic, he would have avoided the child. His failure in this respect, under the circumstances, was negligence which alone supports the verdicts.

But, by defendant's own admissions, as well as the reasonable inferences to be drawn from the testimony, he is convicted of negligence on broader ground. Defendant did not see the child until after a wheel of his automobile ran over its body. This is admitted in an affidavit of defense which he filed and there is direct evidence that he, at the scene of the injury, asked what had happened, and said: "I didn't even see the child." For this reason, perhaps, defendant did not take the stand but relied on plaintiff's inability to convict him of negligence.

Negligence may be inferred from the attending circumstances. *Reardon v. Smith,* 298 Pa. 554, 148 A. 860; *Lucas et al. v. Bushko,* 314 Pa :310, 171 A. 460. There is no evidence that the child, here, suddenly darted out in front of the car. On the contrary the testimony is that the tricycle on which the boy was seated was standing in the cartway when struck and that "the child was not moving". The fact, therefore, that defendant ran over the child on an unobstructed highway in broad daylight is evidence of his negligence. *Fedorovich v. Glenn,* 337 Pa. 60, 9 A. 2d 358; *Urbanick v. Croneweth Dairy Co.,* supra. One witness, who saw the automobile immediately before striking the child, testified that there was nothing to obstruct defendant's vision and that he "drove straight toward the child", without changing his course. It was a fair inference, to which plaintiff is en-

titled, that the child was on the cartway a sufficient length of time to have been seen and avoided by the defendant. Defendant failed in his duty to be vigilant in driving on a city street between crossings. *Martin v. Rotunnio,* 311 Pa. 487, 167 A. 33. A reasonable conclusion from the testimony, is that he would have seen the child in time to avoid the injury, if he had looked.

In the light of the verdicts and the fact that defendant did not offer any explanation of his failure to avoid the child (Cf. *Butler v. Del Favero,* 116 Pa. Superior Ct. 534, 176 A. 765) the record in this case clearly convicts him of negligence.

Judgments affirmed.