## Buchanan et al. *v.* Belusko, Appellant, et al.

Argued March 22, 1949.  Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Francis H. Patrono,* for appellant.

*P. V. Marino,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 11, 1949:

This is an appeal from orders denying defendant's motions for a new trial and for judgment *non obstante veredicto.*

Plaintiff, Joel William Walenta (a minor below the age of seven years) and his mother, Marie Anne Buchanan, appellees, instituted an action in trespass against Joseph Belusko (appellant) and his sister, Sue Belusko (in whose favor an unappealed nonsuit was entered).  Plaintiffs alleged that the minor-plaintiff had been injured through the negligent operation of an automobile by defendant.  Verdicts in favor of plaintiffs were rendered, and the court below refused to grant a new trial or enter judgment n. o. v. for defendant.  This appeal followed.

According to the facts, considered in the light most favorable to plaintiffs, on February 13, 1945, at about seven o'clock p. m., defendant was operating an automobile in a northerly direction on Fallowfield Avenue

in the Borough of Charleroi. Defendant was proceeding on the left hand (west) side of Fallowfield Avenue and on reaching the intersection of Tenth Street made a right hand turn into Tenth Street proceeding east on Tenth Street on the left hand side (north). It was early evening and the street lights were on. A number of children, including the minor-plaintiff, were playing on the sidewalk at the northeast corner, or intersection of the two streets, in front of a church. The minor-plaintiff stepped off the curb into Tenth Street on the cross-walk at the intersection. He walked a few steps and then stopped and looked towards the east, the proper direction for oncoming traffic. The defendant, on the wrong side of Fallowfield Avenue, turned the corner and proceeded on the wrong side of Tenth Street, where the minor-plaintiff was standing. After the passage of defendant's car, the minor-plaintiff was found lying on the ground injured. No one saw the actual impact. It was testified that no other cars, except defendant's, were in sight. The minor-plaintiff's coat was found to be torn and covered with street ashes. Ashes were also ground into his cheek.

Defendant contends that because plaintiffs were unable to offer affirmative evidence that defendant's car *struck* the minor-plaintiff, plaintiffs failed to establish a prima facie case. We are not required, in this case, to determine whether negligence may be *inferred* from attending circumstances. Driving on the wrong side of the streets in violation of section 1004 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS 521, is a *prima facie* case of negligence: *Miles, Admr., v. Myers,* 353 Pa. 316, 318, 45 A. 2d 50. Defendant also breached the duty of care imposed on operators of automobiles when passing small children playing in a group on a sidewalk. A duty was imposed on defendant to be on the lookout. See *Frank et al. v. Cohen,* 288 Pa. 221, 225, 135 A. 624; *Fedorovich et al. v. Glenn,* 337 Pa.

60, 64, 9 A. 2d 358. It was not incumbent on plaintiffs to say the front of the car struck the plaintiff. It may be possible that the side of the car brushed against the minor-plaintiff with such force that plaintiff was dragged to the street.

Defendant relies on *Stauffer, Admr., v. Railway Express Agency, Inc.,* 355 Pa. 24, 47 A. 2d 817, and *Stanalonis, Admr., v. Branch Motor Express Company,* 358 Pa. 426, 57 A. 2d 866. In those cases, however, the facts indicated that the children were struck by trucks. The jury was asked to *infer* from this fact that the drivers were *negligent*. This Court held in both cases that the evidence did not sufficiently establish what actually happened in order to enable a jury to find that *the drivers were negligent*. In the instant case, however, there was ample evidence to enable the jury to find that the defendant was negligent and that the injury sustained was the result of such negligence.

Defendant contends that the court below erred in refusing his sixth request for instruction which was: "If you find from the evidence that the plaintiff, Marie Anne Buchanan, knowingly permitted her son Joel William Walenta to play unattended on the street, and that this want of care contributed to the accident, you must not bring in a verdict for the plaintiff, Marie Anne Buchanan." Counsel asserts that by refusing to so charge, the question of the mother-plaintiff's contributory negligence was taken from the jury. With this we do not agree. The court adequately covered this question in its charge. It cannot be said that parents are guilty of contributory negligence as matter of law because their children play unattended on the sidewalk. Cf. *Parznik v. Cental Abattoir Co.,* 284 Pa. 393, 396, 131 A. 372.

Defendant contends that the court below also erred in failing to find that the verdict was excessive. With this we do not agree. The verdict in favor of the minor-

plaintiff was $5,000.00 and that in favor of his mother was $3,500.00. Damages cannot be determined with mathematical precision. The trial judge correctly said in his opinion: "The determination of the amount of damages to be awarded is especially difficult where a minor child has been injured." It is not asserted that the court below erred in its instruction to the jury concerning the elements to be considered by it in determining the verdicts. Considering the character of the injury and expenses paid, we see no reason to reduce the amounts of these verdicts.

The motion for judgment n. o. v. was properly refused. As it is not shown that the learned court below abused its discretion in its refusal to grant a new trial, that motion was also properly dismissed. See: *Nicholson et al. v. Feagley,* 339 Pa. 313, 315, 14 A. 2d 122; *Thomas et vir v. Brohm,* 354 Pa. 384, 385, 47 A. 2d 244; *Malitovsky v. Harshaw Chemical Company et al.,* 360 Pa. 279, 285, 61 A. 2d 846.

Judgments affirmed.