Nixon *v.* Chiarilli, Appellant.

Argued April 19, 1956. Before STERN, C. J., BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Murray R. Garber,* for defendant, appellant.

*R. T. Mutzabaugh,* with him *Ned A. Jones,* for plaintiff, appellee.

*Robert J. Healy,* with him *W. D. Gallup, E. G. Potter* and *Gallup, Potter & Gallup,* for additional defendant.

OPINION BY MR. JUSTICE CHIDSEY, May 21, 1956:

These are appeals from orders denying defendant's motions for new trials and for judgments non obstante veredicto.

Plaintiffs, Oron W. Nixon and Helen C. Nixon, husband and wife, brought suit in trespass for damages resulting from a collision of an automobile in which plaintiffs were riding, driven by Oron W. Nixon, and a car owned and operated by the defendant, Anthony O. Chiarilli. The suit of the husband and wife was severed for the purpose of joining the husband-driver as an additional defendant in the wife's action. The

two actions were then tried together before the same jury which returned verdicts in favor of the wife-plaintiff in the amount of $5000 and in favor of the husband-plaintiff in the amount of $2,500, against the defendant, Anthony O. Chiarilli, and also a verdict in favor of the additional defendant, Oron W. Nixon. The court below overruled defendant's motions for judgments n.o.v. and new trials and final judgment was entered. These appeals followed.

In passing on defendant's motions for judgments n.o.v., we must review the evidence and consider all the facts and reasonable inferences to be drawn therefrom in a light most favorable to plaintiffs' cause. Thus viewed, the facts may be summarized as follows: At about 5:30 P.M. on January 25, 1953, plaintiffs were proceeding in an automobile operated by Oron W. Nixon south on Route 219, a wide, two-lane, hard surfaced highway running north and south between Bradford and Custer City, Pennsylvania. It was late dusk, cold, and windy, and the highway was covered with a light layer of hard packed snow and patches of ice. Mr. Nixon was proceeding at 20 to 25 miles per hour. When the Nixon car was about one mile south of Bradford, Mr. Nixon noticed defendant's car, approaching from the south or opposite direction, crowd another motorist, who was proceeding south about 300 feet in front of Mr. Nixon, over to the right. Mr. Nixon took his foot off the accelerator and proceeded very slowly, keeping defendant's car under observation as it approached him. Thereafter the defendant's automobile returned to the northbound traffic lane and upon reaching a position 10 to 20 feet in front and to the left of plaintiffs' car, defendant's automobile cut across the road into the southbound traffic lane immediately in front of Nixon, and the collision ensued. A motorist who was following the defendant estimated

his speed at from 25 to 30 miles per hour. At all times plaintiffs' vehicle was in its proper right-hand southbound lane of traffic.

Defendant contends that the evidence did not support a finding of negligence on defendant's part. The evidence introduced by the plaintiffs admittedly showed that at the time of the collision defendant's vehicle was on the wrong side of the highway. This Court has repeatedly held that the fact that an automobile is being operated on the wrong side of the highway makes out a prima facie case of negligence: *Miles, Admr., v. Myers,* 353 Pa. 316, 45 A. 2d 50; *Buchanan et al. v. Belusko et al.,* 361 Pa. 465, 65 A. 2d 386; *Fisher v. Hill,* 362 Pa. 286, 66 A. 2d 275. In *Fisher v. Hill* this Court said at page 289: "Thus, the acceptable evidence plainly shows that, at the time of and immediately preceding the collision, the tractor-trailer was being driven on the wrong side of the highway. That fact alone was sufficient to carry the case to the jury on the question of the defendant's negligence. It constituted a violation of The Vehicle Code of May 1, 1929, P. L. 905, Sec. 1004, as amended, 75 PS §521. Such a violation is negligence (see Landis v. Conestoga Transportation Company, 349 Pa. 97, 100, 36 A. 2d 465, and cases there cited); and, if it is the proximate cause (see McClelland v. Copeland, 355 Pa. 405, 410 et seq., 50 A. 2d 221) of an invasion of another's interest (see Ennis v. Atkin, 354 Pa. 165, 169, 47 A. 2d 217, also Restatement, Torts, §286), it will justify a jury's finding the actor liable for the resultant injury. . . .".

Defendant maintains that plaintiffs' evidence showed that defendant Chiarilli's car was on the wrong side of the highway as a result of skidding, and that under the rule as laid down in *Richardson v. Patterson,* 368 Pa. 495, 84 A. 2d 342, plaintiffs' prima facie

case thereby evaporated, it being incumbent upon them to then offer testimony from which the jury could infer that the skid resulted from negligence on the part of the defendant driver. After plaintiff, Oron W. Nixon, had testified in chief, counsel for the defendant on cross-examination confronted him with a written statement made by Mr. Nixon eight days after the accident. The entire statement was not offered in evidence, but the following sentence from the statement was read to the plaintiff by defendant's counsel: " 'His car headed to the east while sliding and it appeared it was going off the east side of the road, then it whipped across the road, headed west directly into the path of my car.' ". Mr. Nixon admitted signing the statement but testified that he had no knowledge himself of defendant's alleged skidding, that it was impossible for him to tell, and that his written statement was based solely on the fact that Mr. Chiarilli *told* him immediately after the accident that his car had skidded across the highway. In *Richardson v. Patterson,* supra, we held that where the plaintiff in his case in chief proves that defendant's automobile was on the wrong side of the highway because it skidded, it is necessary for the plaintiff to go further and prove the skidding resulted from the negligent act of the defendant. In the *Richardson* case the explanation as to how the defendant's car came to be in the wrong traffic lane was supplied by the plaintiff's case when he and his witnesses testified that it was the result of skidding. In the instant case plaintiffs' evidence did not show that defendant Chiarilli's car had skidded since he testified that he had no personal knowledge of defendant's car having skidded and that the only knowledge he had of skidding was what defendant related to him concerning it after the collision. Plaintiffs having shown that defendant's car was not on the

right side of the highway and as a result the complained of collision occurred, the question whether or not the illegal location of defendant's car was due to his negligence, was for the jury: *Miles, Admr., v. Myers,* supra.

Defendant also contends that Oron W. Nixon was contributorily negligent as a matter of law in that after seeing defendant's car from a distance of 300 feet swerve and force another motorist proceeding ahead of Nixon over to the right, he should have taken further precautions to avoid the accident. Mr. Nixon testified that after seeing defendant's vehicle swerve to its left, he slowed down and then defendant's car returned to its right side of the highway and proceeded in a perfectly correct manner until cutting across directly in front of plaintiffs' automobile. The jury could properly find under such circumstances that Mr. Nixon had no reason to stop his automobile, or veer to the left or right. Failure to anticipate negligence which results in an injury ordinarily is not negligence and will not defeat an action for the injury sustained: *Wagner v. Philadelphia Rapid Transit Company,* 252 Pa. 354, 97 A. 471; *McFadden v. Pennzoil Company,* 341 Pa. 433, 19 A. 2d 370. The case of *Sudol et ux. v. Gorga,* 346 Pa. 463, 31 A. 2d 119, relied on by the appellant, is readily distinguishable in that there the defendant saw a truck approaching him on the wrong side of the highway and he assumed that it would return to its proper lane of traffic. In the instant case defendant's vehicle had already returned to the right side of the road and was proceeding in a proper fashion until the instant before the collision occurred.

Neither in his brief nor oral argument did the appellant press for the grant of a new trial. It appears that in the court below, in his motion for a new trial, appellant claimed that the trial judge erred in failing

to affirm the following point for charge in the husband's action: "The plaintiff's evidence shows that defendant Chiarilli's car was on the wrong side of the road as a result of skidding, and it then becomes the duty of the plaintiff to offer testimony from which the jury can infer that the skid resulted from negligence of the defendant driver.", and in failing to affirm two similar points in the wife's action. These points improperly assumed that appellant's car was on the wrong side of the road because of skidding and the court properly rejected them. As we have stated, the question of defendant's negligence was, under all the circumstances, for the determination of the jury.

Judgment affirmed.