**Susan DE VITA, Administratrix of the Estate of Nicholas Mellon, Deceased,**

v.

**Glenn LONG.**

**No. 12847.**

United States District Court
E. D. Pennsylvania.

Jan. 10, 1957.

John B. Hannum, 3rd, Philadelphia, Pa., for plaintiff.

Francis E. Marshall, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This case comes before the court on plaintiff's motion for a new trial filed after the jury found a verdict for the defendant on his counterclaim. Defendant and plaintiff's decedent were the drivers of two cars which collided near the left front of each car at the eastern end of a curve on the Frackville-Morea road (Schuylkill County, Pa.) in the early morning darkness on June 30, 1951. Plaintiff's decedent died within a week of the accident. In considering this motion, the evidence must be considered in the light most favorable to the defendant.[1]

Plaintiff complains of the admission into evidence, over her objection, of the

1. Although, as plaintiff emphasizes, the trial judge pointed out to counsel during the trial that the evidence of contributory negligence of both drivers was "rath- er strong" (N. T. 498), the jury has resolved this issue in defendant's favor by its verdict.

opinion of a state police officer, who arrived on the scene about 40 minutes after the 5 A.M. accident, as to the place of the collision.[2] The police officer[3] testified that the point of impact was on defendant's side of the road. In the charge, the trial judge instructed the jury that they were entitled to take this opinion into consideration, giving it such weight as the jury believed it deserved and drawing their own conclusion from the testimony.[4]

■ The rule of exclusion of opinion evidence applies in cases where the jury has the same information as the witness and the witness has no superior qualifications based on experience or otherwise. It is based on the policy of excluding superfluous and possibly confusing testimony. Wigmore, § 1918 (3rd Ed.). The true criterion of admissibility has been stated by Wigmore as follows (§ 1923, p. 21, Vol. VII, 3rd Ed.):

"On *this subject* can a jury from *this person* receive appreciable help? In other words, the test is a relative

one, depending on the particular subject and the particular witness with reference to that subject, and is not fixed or limited to any class of persons acting professionally * * *."

Following these principles, the courts have, in recent years, frequently admitted into evidence the opinion of highway police officers as to the point of impact in auto accident cases where the trial judge felt such testimony would be of appreciable help to the fact-finders. Een v. Consolidated Freightways, D.C.D.N.D. 1954, 120 F.Supp. 289, affirmed 8 Cir., 1955, 220 F.2d 82; National Alfalfa Dehydrating & Mill Co. v. Sorensen, 8 Cir., 1955, 220 F.2d 858; Wells Truckways Ltd. v. Cebrian, 1954, 122 Cal.App. 2d 666, 265 P.2d 557; Long v. State, Okl.Cr.1954, 274 P.2d 553; and cases cited in those cases. See also, 23 A.L.R. 2d 112, 135. It would not be helpful to lengthen this opinion with a repetition of the thorough and able discussion of the matter in 120 F.Supp. at pages 291–

2. The testimony of which complaint is made is as follows (N. T. 91):

"The Court: * * * you have told us there was a circle of debris * * * with a diameter of approximately three feet * * * and that part of the circle extended over onto the right side of the road, although most of it was on the left side. * * * In view of that, what I'm asking you is:

"Do you feel that you can arrive at a definite opinion as to whether the collision occurred on the right-hand side of the road or the left-hand side of the road?

"The Witness: Well, I think I would still say that the accident occurred—that the point of impact was on the left-hand side of the road, Your Honor."

The witness continued to explain his opinion was based on cuts in the road and debris, as well as oil stains (N. T. 92, 81).

3. This officer had completed 10 years' service with the state police force, during which time he investigated 40 to 50 accidents a year (N. T. 82).

4. After pointing out that, if the jury believed the testimony of one of plaintiff's witnesses that he had moved the debris at the scene prior to the po-

lice officer's arrival, the "opinion (of the police officer) on the point of impact should not be considered by you," the charge continued (N. T. 525):

"On the other hand, if you do not believe Mr. Debuski's testimony on that point, and you believe that all of the debris that there was was in this 3-foot circle described by the police officer, then you may give that opinion of the police officer such weight as you believe it deserves, considering the experience of this police officer. As I remember, he said he had been observing accidents for ten years working for the State Police, making these reports, and had had experience in this even though he had had no training in the particular point at the Police Academy at Hershey. Now, such an opinion does not have the same force as a doctor's opinion on a point of medical examination, because the doctor has had training and experience which makes his expert opinion of a higher caliber than a police officer's opinion on a point such as this. But you are certainly entitled to take that into consideration, the police officer's opinion, and draw your own conclusion from the facts that were testified to in that regard, * * *."

**812**

295 and in 265 P.2d at pages 562, 563–564.[5]

Although no Pennsylvania appellate court decision considering the opinion of a police officer as to the point of impact has been cited by either counsel, the Pennsylvania appellate courts have approved the admissibility of opinion evidence by witnesses without scientific training, but with experience in the matter, in a variety of situations. See Nicholson v. Feagley, 1940, 339 Pa. 313, 316–317, 14 A.2d 122—opinion that cars had not moved since they came to rest after accident; Shaffer v. Torrens, 1948, 359 Pa. 187, 192–193, 58 A.2d 439—opinion as to speed of vehicle;[6] Commonwealth v. Townsend, 1942, 149 Pa. Super. 337, 340–341, 27 A.2d 462—opinion as to modus operandi of a type of larceny by trick; Churbuck v. Union Railroad Co., 1955, 380 Pa. 181, 186–187, 110 A.2d 210—opinion as to proper use of pick under the circumstances; Pierontoni v. Barber, 1956, 384 Pa. 56, 60–61, 119 A.2d 503—opinion as to speed of vehicle; and cases cited in the foregoing cases.

▮ After careful consideration, the trial judge does not believe the opinion in Giffin v. Ensign, 3 Cir., 1956, 234 F.2d 307, 314, requires or justifies the grant of a new trial in this case.[7] Un-

---

5. In the Een case, the police officer arrived at the scene more than 1¼ hours after the accident; and in the Cebrian case, he arrived about a half hour after the accident. The qualifications of the police officer in this case were very similar to those of the officer in the Cebrian case, 265 P.2d at pages 563–564. In the Cebrian case, the court said, 265 P.2d at page 564:

"Here, the circumstantial evidence was not necessarily self-explanatory to the layman's eye. It was reasonable for the trial judge to believe that the jurors needed aid, even if they had been at the scene of the accident that night, to ascertain the clues leading to the conclusions reached. It was therefore proper, if the required facts were established, to admit the opinion of the expert, based on those facts in evidence, which he personally knew, for the consideration of the jury, if the opinion, because of the witness' particular knowledge and experience, could aid the jury in drawing correct inferences from the raw and unsorted facts. Of course, as the court instructed the jury, it was entitled to give the opinion such credit as it felt it was entitled to receive; and the jury was not bound to accept such opinion and might even totally disregard it in favor of its own opinion, based on the facts adduced by the evidence if it did not feel that the reasons given by the expert were sufficient."

6. The court said, 359 Pa. at page 193, 58 A.2d at page 442:

"There is no rule of law, whereof we are aware, that excludes opinion evidence as to speed if the witness presents the requisite qualifications, viz., and observation of the vehicular movement in question and a recognition of impressions of like vehicles at relative speeds. The weight attributable to such testimony may, in some instances, be very slight and even legally insufficient to carry the point for which offered."

7. The opinion evidence being considered here was injected into the record, after the objection of plaintiff (N. T. 70, 77, 80—whose counsel should not be required to interrupt the testimony with repeated objections) on the first day of the trial (Friday, July 27), when the court was unsuccessfully trying to get the witness to state whether or not he had an opinion on the subject (N. T. 89–91) and he answered unresponsively by giving his opinion (N. T. 91). The trial judge was then unaware of the Giffin opinion which had been filed the previous month. After discovering the opinion over the weekend, the trial judge called it to the attention of counsel at sidebar the next Monday morning (N. T. 95). With this testimony already in the record, the trial judge decided it was best to leave it to the jury to give the opinion such weight as it saw fit in view of the foregoing authorities, the experience of this police officer, and the facts in his personal knowledge, even though the trial judge had considerable doubt as to the propriety of his action (see N. T. 507–9). Counsel for defendant was fully warned as to the danger of leaving this opinion in the record in the light of the Giffin case, but urged the trial judge not to instruct the jury to disregard it completely.

der the facts of that case,[8] the court held it was not reversible error to exclude testimony of a police officer as to the point of collision.[9] However, the Court of Appeals for the Third Circuit has indicated that the admission or exclusion of opinion evidence lies in the discretion of the trial judge on the facts of the particular case. See Conry v. Baltimore & O. R. Co., 3 Cir., 1953, 209 F.2d 422, 425; Gindville v. American-Hawaiian S. S. Co., 3 Cir., 1955, 224 F.2d 746, 748.[10] Also, in view of the instructions given to the jury on this subject (see footnote 4 above), the restrictive language adopted by the Pennsylvania Supreme Court which was read in the presence of the jury,[11] and the existence of

8. The record shows that the factual background for the opinions sought to be admitted in the Giffin case was different from the situation in which the opinion was given in this case in at least these respects:

A. There was no conflicting evidence in the Giffin case on which side of the center line of the road the accident occurred (see page 2 of appellant's brief, page 13 of appellee-plaintiff's brief, page 3 of appellee-Rockwell Spring & Axle Company's brief, and page 2 of appellee-Studebaker Corporation's brief), whereas in this case the major liability issue was whether the car of plaintiff's decedent or the car of defendant was on the wrong side of the center line at the place of impact, which place was not far distant from that center line.

B. The record in the Giffin case indicates that the principal location issue on which the police officer was asked to testify was whether the impact occurred at the right front corner or the left front corner of the truck (Appendix 15a), which point could more easily be determined by a fact-finder from looking at photographs (there were six such photographs offered in the Giffin case—see appellee-plaintiff's brief, p. 16, and appellant's brief, p. 20), than the geographic place of impact (involved in this case—see A above) of two cars travelling at such a rate of speed that their location after the accident was clearly some distance from such place. Although the Giffin briefs refer to rejection of the officer's opinion as to the place of impact on the highway, such testimony is not in the Appendix (see 15a–17a) and the briefs do not indicate that this was the important opinion sought by appellant in that case.

C. In the Giffin case, the record does not indicate the officer's opinion was based on physical evidence of cuts in the road, oil stains, and debris in a confined area such as was present in this case (see footnote 2 above). The only physical evidence bearing on the place of impact referred to in the Giffin briefs or Appendix is skidmarks (see page 23 of appellant's brief, page 27 of appellee-Studebaker Corporation's brief).

D. The police officer in that case had had less than half as much experience in investigating accidents as the state police officer involved in this case had had (cf. 200 accidents over a period of 7 years at page 23 of appellant's brief in Giffin case with 400 to 500 accidents over a period of 10 years in this case).

9. In the Giffin case, the court used the following language, 234 F.2d at page 314:

"The appellants also contend that the proffered testimony of a State police officer who investigated the accident with regard to the point of impact *on the vehicles* in the collision was improperly excluded. But since the officer did not see the accident, the exact place of impact was clearly a matter of opinion and further one on which the jury was capable of drawing its own conclusions. Cf. Della Porta v. Pennsylvania R. Co., 1952, 370 Pa. 593, 598–599, 88 A.2d 911, 913." (Emphasis supplied.)

10. Accord, Wigmore on Evidence (3rd Ed.), § 1929. Compare the broad construction given to F.R.Civ.P. 43(a), 28 U.S.C. as a "rule of admissibility not exclusion." Wright v. Wilson, 3 Cir., 1946, 154 F.2d 616, 617; see, also, Taylor v. Crain, 3 Cir., 1955, 224 F.2d 237. In the Giffin case, the holding of the court was to affirm this ruling of the lower court (17a of Appendix): " * * * In my opinion, this is not a case which calls for opinion testimony."

11. The trial judge read the following from Satovich v. Lee, 1956, 385 Pa. 133, 122 A.2d 212 (N. T. 87):

"See, the Pennsylvania Courts have said this—here is just a recent decision—

" 'Nor can the presence of a larger portion of the debris a little to the east of the center line of the highway be regarded as significant in view of the nearness of both cars to the center line. Exactly how many inches or in what direction fragments of glass from the broken headlight would be scattered by a

other evidence confirming the opinion of the police officer,[12] any error in the admission of this evidence does not seem to make refusal of a new trial "inconsistent with substantial justice." See F.R. Civ.P. 61.[13]

### Order

And now, January 10, 1957, it is ordered that plaintiff's motion for a new trial is denied.

---

violent blow or at what distance water or alcohol would begin to drip from a damaged radiator are matters of pure speculation.' "

12. N. T. 79–81, 239–243, 429–430.

13. The plaintiff did not rely on paragraphs 1 to 4 of its motion for new trial at the argument or in its brief.