## Highway Express Lines, Inc. *v.* General Baking Company, Appellant.

Argued September 17, 1959. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., and HIRT, J., absent).

*W. Glenn George,* for appellant.

*Frank W. Jenkins,* with him *Jenkins, Bennett and Jenkins,* for appellee.

OPINION BY WRIGHT, J., November 11, 1959:

On December 29, 1955, at about ten o'clock p.m., on Route 422 near Trappe, Pennsylvania, there was a collision between a tractor-trailer of Highway Express Lines, Inc., and a tractor-trailer of General Baking Company. A complaint in trespass was filed by Highway Express Lines, Inc., to which General Baking Company filed an answer with counterclaim. The trial resulted in a verdict for the plaintiff in the sum of $4,456.14, and also for plaintiff as to the counterclaim. General Baking Company filed a motion for a new trial, alleging error in the charge of the trial judge. This motion was dismissed, and judgment was entered on the verdict. General Baking Company has appealed.

The record discloses that the collision occurred some 250 feet east of the intersection of Route 422 by

Township Line Road, which intersection is controlled by a trip-light.[1] Route 422 at the point of collision is a level three-lane highway 30 feet in width with 4 foot shoulders on either side. The weather was clear but the road surface was icy. Appellant's tractor-trailer, operated by Arthur Early, was proceeding west. Plaintiff's tractor-trailer, operated by Richard B. Schaeffer, was proceeding east. There was unobstructed visibility for at least one-half mile in either direction, and there was no other traffic on Route 422 at the time. The complaint avers that Early was negligent, inter alia, in "(b) causing or permitting the defendant's said tractor and trailer to swerve and skid into the portion of the said highway reserved for vehicles traveling eastwardly, which was occupied by the plaintiff's tractor and trailer".

Schaeffer and Early were the only witnesses at the trial. Schaeffer testified for the plaintiff that, as he approached the intersection, the light was green "and as I got on through, the light, shown on the ice and also in the rear-view mirror, that the light was turning amber, which would have been a red light for the opposite traffic coming towards me . . . As I looked down the road there was a tractor and trailer coming up, which I thought he applied his brakes and went out of control and come over on my lane". Schaeffer further testified that he could not go to the right or south side because of an embankment, "so I went to the left, remembering it was a dirt road, trying to get around him". However, appellant's trailer "whipped around and hit the right front of my tractor". Early

---

[1] "Q. Will you explain to the jury, and to me for that matter, what you mean by a trip-light? A. When a car goes over a rod that's imbedded in the road the light changes automatically. Q. And, that trip-light control is on Township Line Road, I suppose, and not on 422? A. On Township Road".

testified for appellant as follows: "I was proceeding along there at a normal speed, twenty-five miles an hour, or maybe a little faster, I wouldn't swear to it and I seen this light flip . . . From green to red . . . about two thousand feet [from the intersection] . . . I tapped my brakes lightly to slow down . . . The trailer went to the right with me. I pulled it out of that . . . By applying the gas . . . It come around to the left with me. I pulled it out of that left with the gas again . . . It went to the right again. By that time I was clean across the highway and my tractor was sitting at an angle across the highway. The whole rig was coming around with me".

The portions of the charge of the trial judge to which appellant took specific exception, and which are the subject of attack upon this appeal, read as follows: "You should have no difficulty whatever with the claim of the General Baking Company, because you should there find a verdict for the Highway Express Lines . . . Both drivers knew or should have known the ice was there, so that when Early skidded and jackknifed and came over on his wrong side of the road, why he would be guilty of negligence. It was his duty to so control the car that that wouldn't happen . . . You should, therefore, find a verdict for the Highway Express Lines as to the counterclaim of the General Baking Company . . . Now, as I said before, you will have no difficulty with the claim of General Baking Company. The driver of the General Baking truck was negligent and, as a matter of law, you should find against him, because under the law, he was negligent and he cannot recover". The respective property damages were agreed upon, and the sole issue submitted to the jury by the trial judge was the question of negligence on the part of Schaeffer.

The mere fact that a collision has occurred between two motor vehicles affords no basis, in the absence of evidence as to the manner of its occurrence, for inferring that one party rather than the other was at fault. Plaintiff has the burden of proving that the defendant was negligent, and that his negligence was the proximate cause of the accident: *Schofield v. King,* 388 Pa. 132, 130 A. 2d 93. One who operates a motor vehicle on the wrong side of the highway is prima facie negligent, and that fact alone is sufficient to carry the case to the jury: *Nixon v. Chiarilli,* 385 Pa. 218, 122 A. 2d 710. In the case at bar, the defense was that the presence of Early's motor vehicle on the wrong side of the highway was due to skidding. It has been held that skidding in and of itself is not evidence of negligence: *Lithgow v. Lithgow,* 334 Pa. 262, 5 A. 2d 573; *Master v. Goldstein's Fruit & Produce,* 344 Pa. 1, 23 A. 2d 443. However, the operator of a motor vehicle is bound to take into account the condition of the highway: *Mulheirn v. Brown,* 322 Pa. 171, 185 A. 304, and skidding may be and frequently is the result of negligence: *Davin v. Levin,* 357 Pa. 554, 55 A. 2d 364. Thus the question of negligence in skidding cases becomes an issue of fact for the jury: *Miles v. Myers,* 353 Pa. 316, 45 A. 2d 50; *Szvitih v. Doernte,* 360 Pa. 415, 61 A. 2d 823; *Fisher v. Hill,* 362 Pa. 286, 66 A. 2d 275.[2]

Both the opinion below and the brief for appellee stress the point that Early actually did not say that

[2] In *Richardson v. Patterson,* 368 Pa. 495, 84 A. 2d 342, the entry of a compulsory nonsuit was approved because the plaintiff in his case in chief proved that defendant's automobile was on the wrong side of the highway due to skidding, and plaintiff did not go further and prove that the skidding resulted from the negligent act of the defendant. There was a persuasive dissent in that case, and the case was discussed and distinguished in *Nixon v. Chiarilli,* supra, 385 Pa. 218, 122 A. 2d 710.

he "skidded". We perceive no merit in this contention. As previously set forth, the complaint contains the word "skid". Counsel for both parties employed the term in propounding questions to the witnesses, and it appears in the charge of the trial judge. There can be no question that, when Early testified that he "went into this here spin", he used the word "spin" as synonymous with "skid".

In conclusion, it is apparent that the trial judge erred in charging that Early was guilty of negligence as a matter of law. Under the circumstances of the instant case, the question of Early's negligence was an issue of fact for determination by the jury.

Judgment reversed with a venire.