Manners, Appellant, *v.* Vandervort.

Argued September 27, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*James A. Gleason,* for appellants.

*Walter E. Morris,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 14, 1961:

A jury returned a verdict for defendant; from the judgment entered thereon plaintiffs took these appeals.

On February 12, 1956, at about 2:00 p.m. plaintiff Manners accompanied by his wife and children, was driving his car south on Route 310. At the same time defendant was driving his car north on the same highway. As the Manners' vehicle ascended a slight grade which was topped by a curve to the west, defendant's car slid across the center line of the highway and collided with plaintiff's vehicle. As a result of this accident the husband-plaintiff, in his own right and on

behalf of his minor children, as well as the wife-plaintiff, filed an action in trespass against defendant for personal injuries and property damage.

In order to prove defendant's negligence, plaintiffs called as their witness Trooper Callogero. He testified that at the time of the accident plaintiff Manners made statements to him in which he declared: "We were coming 35 miles per hour and this car was sliding and coming over on our side of the road." Manners, at trial, denied making such a statement even though the written statement was produced by the Trooper. In his testimony for plaintiffs Trooper Callogero also read from a statement given to him by the defendant. In this statement the defendant told the Trooper that he came to the top of the hill, slowed down and then *skidded* across to the other side of the highway and collided with the Manners car. This was, we repeat, plaintiffs' evidence to prove that defendant was guilty of negligence. The jury, as we have seen, returned a verdict for defendant.

Plaintiffs seek a new trial because (a) the trial Court failed to adequately charge the jury on the burden of proof, and (b) the presumption and shifting of the burden of proof, and (c) in not affirming plaintiffs' second point of charge which was: "It was the duty of Mr. Vandervort to operate his vehicle on his own side of the highway at all times. If he failed to do so at the time and place of the accident in this case he was prima facie guilty of negligence."

Plaintiffs' own evidence amply justified the jury's verdict for defendant and we find no error in the Court's charge or in its refusal to affirm plaintiffs' second point for charge. Plaintiffs proved too much. This case is ruled by *Richardson v. Patterson,* 368 Pa. 495, 84 A. 2d 342, where we affirmed a compulsory nonsuit and said (pages 498-499) : "Had the plaintiff been

content with proving that the collision occurred in the westbound lane where Mrs. Patterson's car, proceeding eastwardly, should not have been, the burden would have been upon the defendant to offer exculpatory proof if she wished to be found not guilty of causative negligence. The presence of an automobile on the wrong side of a highway is prima facie evidence of the driver's negligence: Miles v. Myers, 353 Pa. 316, 318, 45 A. 2d 50. But, here, the explanation of how the Patterson car came to be in the wrong traffic lane was supplied by the plaintiff himself when he offered evidence that it was the result of skidding. It then became the duty of the plaintiff to offer testimony from which the jury could infer that the skid resulted from negligence on the part of the driver. In Johnson v. American Reduction Co., 305 Pa. 537, 541, 158 A. 153, . . . this Court in affirming a judgment n.o.v. for lack of negligence, said 'The skidding of a vehicle does not of itself establish or constitute negligence. It is encumbent upon the plaintiff to prove the skidding resulted from the negligent act of the defendant; otherwise he is absolved from the consequences: [citing cases].' That rule has been frequently recognized and reiterated."

Appellant contends that Section 1004 of The Vehicle Code* required the trial Judge to sustain his second point. That section provides: "Upon all highways of sufficient width . . . the driver of a vehicle shall drive the same upon the right half of the highway . . ."

Because of plaintiffs' own evidence hereinabove set forth, it would have been confusing to the jury and an error to have charged as plaintiffs requested. Cf. *Hepler v. Hammond,* 363 Pa. 355, 69 A. 2d 95; *Miller v. Montgomery,* 397 Pa. 94, 152 A. 2d 757; *Kaplan v. Kaplan,* 404 Pa. 147, 149, 171 A. 2d 166; *Maus v. Ma-*

---

* 75 P.S. §1004, Act of April 29, 1959, P. L. 58, §1004.

*honing Twp.*, 24 Pa. Superior Ct. 624, 632, and cases supra.

We have considered all of plaintiffs' contentions and authorities and find no merit in them.

Judgment affirmed.